## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MALISA A. BAPTISTE,

      Appellant,

     v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBER
AT-0432-25-0221-I-1

DATE: August 4, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Malisa A. Baptiste</u>, Orlando, Florida, pro se.

<u>Diane Tardiff</u>, Bedford, Massachusetts, for the agency.

<u>Georgette Gonzales-Snyder</u>, Esquire, Syracuse, New York, for the agency.

<u>Julie R. Zimmer</u>, Esquire, Baltimore, Maryland, for the agency.

<u>Barbara Burke</u>, Esquire, and <u>Stephanie Comas-Papanikos</u>, Esquire,
  Brooklyn, New York, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal for unacceptable performance under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

**BACKGROUND**

The appellant was hired as a GS-9 Human Resources Specialist in a 1-year training program in Washington, D.C., effective March 26, 2023. Initial Appeal File (IAF), Tab 12 at 105. On May 5, 2024, she was reassigned to a GS-11 Human Resources Specialist position in Albany, New York. *Id.* at 103. Subsequently, on September 23, 2024, the agency issued the appellant a 30-day performance improvement plan (PIP) based on unacceptable performance, citing the appellant's failure to perform in the critical elements of Compensation, Planning and Analysis, Customer Service, and Modernization. *Id.* at 73-77. The letter provided specific examples of deficiencies in the appellant's performance. *Id.* She was also notified that her performance appraisal cycle would be extended until October 24, 2024, to coincide with the conclusion of the PIP. *Id.* at 80.

On October 31, 2024, the appellant's first-level supervisor advised her that she did not meet the requirements of the PIP. *Id.* at 46-47, 58-61. On November 25, 2024, the agency proposed the appellant's removal pursuant to 5 U.S.C. chapter 43 for unacceptable performance in the four critical elements set forth in the PIP notice. IAF, Tab 22 at 4-9. Effective January 9, 2025, the agency removed the appellant for unacceptable performance in the four critical elements. IAF, Tab 12 at 16, 28-30.

The appellant filed a Board appeal challenging her removal and, after a hearing, the administrative judge issued an initial decision affirming the appellant's removal under chapter 43. IAF, Tab 35, Initial Decision (ID) at 1.

The appellant has filed a petition for review, arguing, for the first time on review, that the agency failed to establish that its performance appraisal system was approved by the Office of Personnel Management (OPM).[2]  Petition for Review (PFR) File, Tab 1 at 6-7.  The agency has filed a response, to which the appellant did not reply.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

To defend an action under chapter 43, the agency must prove by substantial evidence that:  (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.

In both his summary of the prehearing conference and the initial decision, the administrative judge set forth the standard for agencies to prove its burden as found in *Belcher v. Department of the Air Force*, 82 M.S.P.R. 230, 232-33 (1999) and *Martin v. Federal Aviation Administration*, 795 F.2d 995, 997 (Fed. Cir. 1986)—neither of which include the third element stating that the agency is required to prove that its performance standards are valid.  ID at 3; IAF, Tab 29 at 1-2.  The Board's Administrative Judges' Handbook states that notices

---

[2]  Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence or argument submitted for the first time on review unless the party shows that it was previously unavailable despite due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).  Nevertheless, we need not address this new argument on review because, as set forth below, we remand this appeal for further adjudication.

issued by administrative judges are intended to inform the parties of the requirements for the merits on the type of appeal filed and must "satisfy the parties' right to a fair process . . . before an adverse ruling may be made." MSPB, Judges' Handbook, Ch. 9 § 2(c) (last updated October 2019).[3] Here, the administrative judge failed to afford the parties the proper notice of the required elements for a chapter 43 removal. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

Although the record contains some evidence as to the appellant's performance standards, the parties were not on notice as to how to establish this element. Specifically, performance standards are not valid if they do not set forth the minimum level of performance that an employee must achieve to avoid removal for unacceptable performance under chapter 43. *Zepeda v. Nuclear Regulatory Commission*, 2024 MSPB 14, ¶ 7. Further, performance standards must be sufficiently precise and specific as to invoke a general consensus as to their meaning and content and provide a firm benchmark toward which the employee may aim her performance. *Id.*, ¶ 22.

Nevertheless, facially invalid standards may be cured through subsequent communications to the employee. *Id.*, ¶ 11. An agency may cure otherwise fatal defects in the development and communication of performance standards by communicating sufficient information regarding performance requirements at the beginning of, and even during, the PIP. *Id.* However, at whatever point in the process they are communicated, standards that fail to inform an employee of what is necessary to obtain an acceptable level of performance and instead describe what she should not do are invalid backwards standards. *Id.*

---

[3] The Board has explained that the Judges' Handbook only provides guidance, is not an independent source of authority for administrative judges and creates no greater substantive rights for appellants than that to which they are entitled by law, rule, or regulation, as developed through the Board's own current case law and applicable circuit court decisions. *Koehler v. Department of the Air Force*, 99 M.S.P.R. 82, ¶ 13 n.4 (2005).

The validity of the performance standards is relevant to the other elements in the agency's case, including, for example, the substantive element set forth in *Santos v. National Aeronautics and Space Administration*, i.e., that the employee's performance was unacceptable prior to the PIP. 990 F.3d 1355, 1361-62 (Fed. Cir. 2021). Indeed, absent a finding on the validity of the performance standards, the Board cannot evaluate whether the appellant's performance was unacceptable. *See, e.g.*, *Zepeda*, 2024 MSPB 14, ¶ 7; *Henderson v. National Aeronautics and Space Administration*, 116 M.S.P.R. 96, ¶ 9 (2011); *Ortiz v. Department of Justice*, 46 M.S.P.R. 692, 695 (1991); *Williams v. Department of Health and Human Services*, 30 M.S.P.R. 217, 220 (1986).

Accordingly, we must remand the appeal to give the parties the opportunity to present additional evidence as to whether the agency proved by substantial evidence that the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1).[4] On remand, the administrative judge shall accept evidence and argument on this issue, and shall hold a supplemental hearing, if appropriate. If the agency makes the required showing, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision.

---

[4] Because we remand this appeal on other grounds, we need not reach the remaining elements of the agency's case.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.